UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:03 CR 20113-002 |
| --- | --- | --- |
| | | 2: 05 CV 1948 |
| VS. | : | JUDGE MINALDI |
| FORREST BRANDON BUXTON | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is the defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 [doc. 70]. The Government has opposed this motion and has also filed a Supplemental Answer.

### Facts

The defendants, Julius Ware ("Ware") and Forrest Brandon Buxton ("Buxton") conspired to park a pickup truck belonging to Ware on a railroad track in Oakdale, Louisiana. The defendants planned to sit in the truck and intentionally allow a train belonging to Union Pacific Railroad to strike the rear of their vehicle. The defendants planned to claim that they had been injured as a result of the train hitting their truck. They submitted claims against Union Pacific Railroad stating that the engineers' failure to blow the train's whistle was the cause of the collision. The defendants sent settlement offers to Union Pacific railroad via e-mail and the U.S. Postal Service.

### Procedural History

On December 10, 2003, a federal grand jury returned a three count indictment against Ware and Buxton. Count 1 charged them with conspiracy to defraud in violation of 18 U.S.C. §371.



Count 2 charged them with mail fraud in violation of 18 U.S.C. § 1341. Count 3 charged the defendants with wire fraud in violation of 18 U.S.C. §1343.

On August 20, 2004, pursuant to a written plea agreement, Buxton pleaded guilty to Count 1 of the indictment. On December 1, 2004, he was sentenced to 37 months imprisonment. He was ordered to pay restitution to the Union Pacific Railroad and Imperial Fire and Casualty Company. Counts 2 and 3 were dismissed. Judgment was entered on December 3, 2004.

Prior to the filing of the instant motion, the defendant has not pursued any post-conviction remedies. Buxton claims that he requested that his trial counsel file a direct appeal of his sentence and that this was not done. He contends that such failure constitutes ineffective assistance of counsel. He argues that he is entitled to an evidentiary hearing to determine the merits of this claim.

Law

A district court may deny a 28 U.S.C. § 2255 motion without holding an evidentiary hearing "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir.1992). "[C]ontested fact issues [in a 28 U.S.C. § 2255 case] ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981).

The record does not conclusively show that Buxton is not entitled to relief on his ineffective assistance of counsel claims. *See Hughes*, 635 F.2d at 451. Buxton presented facially valid claims that his counsel was ineffective for failing to file a notice of appeal[1]. *See Hill v. Lockhart*, 474 U.S.

---

[1] Buxton filed an affidavit executed by his wife stating that she had contacted his attorney three days after sentencing and requested that he file a notice of appeal. No appeal was filed. In his §2255 motion, Buxton stated that "Movant was not in agreement with his sentence, because he had been given an upward departure based on an <u>enhancement</u> under the application

52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington*, 466 U.S. 668, 688-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The failure to file a notice of appeal upon request constitutes ineffective assistance of counsel. No showing that the appeal would have merit is required.[2] *See Flores-Ortega*, 528 U.S. at 477; *U.S. v. McMillen* (2004).

In the Supplemental Answer, the Government notes that the affidavit from the defendant's wife has not been corroborated. The affiant did not attach telephone records establishing when the telephone call to Mr. Granger was actually made. The Government attached copies of two letters sent by Mr. Granger to the defendant. The letter dated December 13, 2004, has no mention of a telephone call from the defendant's wife. In the second letter, dated January 24, 2005, Mr. Granger does refer to a telephone call from the defendant's wife. That telephone call took place on January 19, 2005, not December 3, 2004. The Government argues that this is evidence that the defendant (through his wife) did not ask that an appeal be filed until after the delays had run.

---

of U.S.S.G. §2b1.1(11). This section provided for a two level increase if the offense involved the conscious or reckless risk of death or serious bodily injury. Movant had [never] accepted responsibility for these enhancement [sic]. Therefore, Movant had every right to appeal this upward departure (enhancement) under *Blakely v. Washington*, 159 L.Ed.2d 403 (decided June 24, 2004). Movant herein, could have also appealed the 3 level downward departure based on his acceptance of responsibility." (Emphasis in the original).

[2] Although Buxton states that his counsel, Frank Granger, told Buxton's wife that he saw no valid grounds for appeal, Mr. Granger did not file a motion to withdraw with an *Anders* brief, nor did he file a notice of appeal. In *Anders v. California*, the Supreme Court recognized that counsel could withdraw from representation without denying an appellant fair representation only where certain safeguards were followed. *See Anders*, 386 U.S. at 744, 87 S.Ct. 1396. Specifically, under *Anders*, counsel must conduct a "conscientious examination" of the case before seeking permission to withdraw from a case. *See id.* That request must be accompanied by a brief to the appellate court "referring to anything in the record that might arguably support the appeal." *id.* The appellate court must then conduct a "full examination of all the proceeding[s] to decide whether the case is wholly frivolous." *Id.*

Although the Government argues that the letters from the attorney in December 2004 and January 2005 have more credibility that the affidavit which was prepared much later, the court finds that an evidentiary hearing is necessary to clarify the facts. If the defendant did not ask Mr. Granger to file an appeal until after the time period for filing a direct appeal had lapsed, he cannot now pursue an ineffective assistance of counsel claim based upon his attorney's failure to file that appeal.

Lake Charles, Louisiana, this 23 day of March, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE